-IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JOHN A. EDWARDS, )
BETTY JO EDWARDS, Trustees of the )
John A. Edwards Revocable Trust )
 )
       Plaintiffs, )
 )
v. ) Case No. CIV-08-370-JHP
 )
REGAL PETROLEUM, L.L.C., et al., )
 )
       Defendants. )

## ORDER and OPINION

Before the Court are Plaintiffs John A. and Betty Jo Edwards' Response to Defendants' Motion for Confession of Judgment, which the Court construed as a Motion to Remand [Docket No. 28], Defendants Denver Mineral and Royalty Company, L.L.C. ("DMRC"), James E. Powers, and Dennis M. Flyer's Response to the Motion to Remand [Docket No. 32], Plaintiffs' Reply [Docket No. 33], Defendants' Sur-Reply [Docket No. 38], and Plaintiffs' response to the Sur-Reply [Docket No. 43]. For the reasons stated herein, Plaintiffs' Motion to Remand is DENIED.

## BACKGROUND

Plaintiffs initiated this action by filing a Petition in the District Court for Coal County, Oklahoma, on March 25, 2008. In the Petition, Plaintiffs allege that Defendants engaged in fraud and misrepresentation in connection with a transaction involving certain mineral interests owned by Plaintiffs. Defendant Petit Peu de Ciel, L.L.C. ("Petit"), removed the case to this Court based on diversity of citizenship on October 8, 2008 [Docket No. 2]. Plaintiffs did not move to remand the case at the time the Notice of Removal was filed. On October 20, 2008, Defendants Petit, DMRC, James E. Powers, and Dennis M. Flyer filed Motions to Dismiss [Docket Nos. 14, 15] pursuant to

1

Fed. R. Civ. P. 12(b)(6) arguing that Plaintiffs failed to plead their fraud claims with the requisite particularity. Plaintiffs' Responses to the Motions to Dismiss were due by November 4th, however, Plaintiffs never filed a Response or requested an extension of time. Consequently, on November 11th Defendants[1] moved for Confession of Judgment pursuant to LCvR 7.1(h).[2]

In Plaintiffs' Response to the Motion for Confession of Judgment [Docket No. 25], they argue that this case was improperly removed to this Court because there is not complete diversity of citizenship as required by federal jurisdictional law. Plaintiffs allege that Defendant Jordan Simon is a resident of Oklahoma, thus, complete diversity does not exist because Plaintiffs are also residents of Oklahoma. Plaintiffs further allege that Defendant Tom Regal, who is apparently fictitious, was served by mail at the same address in Oklahoma that Jordan Simon was living. Plaintiffs did not give any reason for failing to respond to the Motions to Dismiss, nor did they request leave from the Court to file a late Response to the Motions.

The Court treated Plaintiffs' Response as a Motion to Remand and allowed Defendants to respond. In their Response, Defendants set forth a thorough analysis of the diversity jurisdiction requirements and the domicile of Defendant Jordan Simon. Defendants allege that Mr. Simon is

---

[1] Subsequent to filing the Motion for Confession of Judgment, Defendant Petit Peu de Ciel, L.L.C., was dismissed from this case pursuant to Plaintiffs' Notice of Dismissal [Docket No. 34]. Thus, Petit's Motion to Dismiss [Docket No. 14] is rendered moot.

[2] The Local Civil Rules for U.S. District Court for the Eastern District of Oklahoma, rule 7.1(h) titled "Unopposed Dispositive Motions" states: "If a dispositive motion is not opposed, the Court may in its discretion either (1) provide an additional eleven days, after which the case will be dismissed or the motion will be deemed confessed, as appropriate, or, (2) in the event the moving party has filed a motion for confession of judgment, such motion may be granted following eleven days after filing. In either event, in the discretion of the Court, the party failing to respond shall be subject to sanctions, including but not limited to all attorney fees and costs incurred by the moving party in connection with such failure to timely oppose the motion."

domiciled in Louisiana, not Oklahoma as alleged by Plaintiffs, and this Court acquired subject matter jurisdiction pursuant to 28 U.S.C. § 1441 when the case was removed from Coal County. In support of this argument, Defendants presented the affidavit of Jordan Simon which states: that he lived in Oklahoma for a brief period of time related to his employment but never intended to remain in Oklahoma; he filed taxes in Oklahoma, but as a nonresident; he currently lives and works in Fort Smith, Arkansas; he currently has bank accounts in Louisiana and Arkansas, but not in Oklahoma; his entire family resides in Louisiana and he plans on returning to Louisiana once he finishes his current employment at the end of 2009; his business "Simon Energy Corporation" is registered in Louisiana and has been registered in that state for years; that he receives mail at his grandmother's house in Louisiana; all of his vehicles are registered in Louisiana; and that he purchased a house in Arkansas for investment purposes and plans on selling it at the end of 2009 and buying a permanent home in southern Louisiana.

In their Reply to Defendants' Response to the Motion to Remand, Plaintiffs argue that the word of Jordan Simon "cannot be trusted" and that his affidavit does not demonstrate that he was domiciled in Louisiana. Additionally, Plaintiffs attached a printout of a business entities search conducted on the Oklahoma Secretary of State's website which lists "Simon Energy Corp." as a domestic for-profit business. The search also lists Jordan Simon as the registered agent with a McAlester, Oklahoma, address. Plaintiffs argue that this printout demonstrates that Mr. Simon was domiciled in Oklahoma, therefore, complete diversity is lacking and the case should be remanded. Plaintiffs also allege that Defendants Jordan Simon and Regal Petroleum L.L.C. waived the right to remove this case by participating in the merits of this case while in the District Court of Coal County.

Defendants were granted leave to file a Sur-Reply to address Plaintiffs' new waiver argument. Defendants argue that because Plaintiffs' waiver argument alleges a procedural, rather than a jurisdictional defect, it was required to be made within 30 days of the notice of removal. Thus, Plaintiffs waived the right to seek remand on that basis by failing to raise the argument within the 30-day window. Plaintiffs' Response to the Sur-Reply basically reiterates their previous arguments and alleges that discovery responses obtained before this case was removed provides additional evidence demonstrating the lack of complete diversity.

## **DISCUSSION**

### A. Diversity Jurisdiction

"Except as otherwise expressly provided . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants contend that this Court has original jurisdiction over this action based upon 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). As the parties seeking removal, Defendants bear the burden of proving that removal is proper. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

The uncontested facts set forth in the Notice of Removal establish that Plaintiffs are citizens of Oklahoma, Defendant Petit is a company incorporated and with its principal place of business in Louisiana, Defendant Regal Petroleum is a company organized and existing under the laws of Louisiana and with its principal place of business in Texas, Defendant DMRC is a company

organized and with its principal place of business in Colorado. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of [§ 1332] . . . a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Further, the Notice or Removal establishes that Defendant Richard Hamilton is a citizen of Texas, Defendant James Powers is a citizen of Colorado, and Defendant Dennis Flyr is a citizen of Wyoming. Thus, the only dispute is to the citizenship of Defendant Jordan Simon. There is no dispute as to the amount in controversy.

For the purposes of diversity jurisdiction under 28 U.S.C. § 13329(a)(1), one is a citizen of the state in which he or she is domiciled. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). "'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal citations omitted). Domicile is established by physical presence in a place in connection with an intent to remain there indefinitely. *See Id.*; *Crowley*, 710 F.2d at 678. As a result, in order for an individual "[t]o effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely." *Crowley*, 710 F.2d at 678. Furthermore, a temporary absence from an established domicile does not amount to a change in domicile as long as the individual intends to return. 28 C.J.S. Domicile § 42 (2008).

Defendants have demonstrated that Jordan Simon was never domiciled in Oklahoma. Jordan Simon's affidavit stated, among other things, that he lived in Oklahoma for a short period of time related to his employment and that he never intended on remaining in Oklahoma. He now lives in Arkansas, again due to his employment, and plans on returning to Louisiana at the end of 2009 when his current employment ends. Plaintiffs claim that Mr. Simon's word cannot be trusted, but they

offer no evidence to dispute any of the facts contained in Mr. Simon's affidavit. Rather, Plaintiff's argument relies on the fact that at one point Simon resided in Oklahoma and that he registered his company as a domestic corporation with the Oklahoma Secretary of State. It is undisputed that Mr. Simon resided in Oklahoma for a short time, however, as previously discussed, residence alone does not equate to domicile. There must also be an intent to remain in Oklahoma indefinitely in order for Mr. Simon to change his domicile from Louisiana to Oklahoma. The Court finds Plaintiffs' argument that registering his business as a domestic corporation somehow indicates Mr. Simon's intent to indefinitely remain in Oklahoma unconvincing. In contrast to Plaintiffs' argument, the only evidence presented to the Court is that Mr. Simon never intended to stay in Oklahoma once his temporary employment ended. In fact, Simon did not stay in Oklahoma, rather he moved to Arkansas and intends to return to Louisiana at the end of 2009. Defendants have sufficiently shown that Jordan Simon's domicile is Louisiana and at no point did it change to Oklahoma.

Defendants 'Tom Fuller" and "Tom Regal" are fictitious and will not be considered for the purpose of analyzing diversity jurisdiction. In their Amended Petition, Plaintiffs allege that "Defendant Jordan A. Simon, *posing as Tom Regal*, on behalf of Defendants, did obtain the Plaintiffs signature on documents purported to be Top Leases." (First Amended Petition at 2.) (emphasis added) In their Response to the Motion to Remand, Defendants also allege that Tom Regal is a fictitious alias. Nevertheless, Plaintiffs obtained service by mail on Tom Regal at the same address in McAlester that Jordan Simon resided. However, the certified mail receipt was not signed by Tom Regal, it was signed by an unidentified third-party, Karla Paige. Although it presents a peculiar situation, the service by mail does not convince the Court that Tom Regal is an actual person given that all parties allege he is fictitious. Similarly, all parties concede that Tom Fuller was

6

an alias used by Jordan Simon in negotiations with Plaintiff in order to prevent disclosure of the name of his principal. For the purpose of establishing jurisdiction based on diversity, the citizenship of fictitious parties are to be ignored. 28 U.S.C. § 1441(a). Accordingly, neither the citizenship of Tom Regal nor Tom Fuller will be considered in determining whether there is complete diversity among the parties.

Defendants have met their burden of proving that removal of this action pursuant to 28 U.S.C. § 1441 was proper. Defendants provided evidence sufficient to satisfy the Court that Jordan Simon was never domiciled in Oklahoma. None of the parties claim that either Tom Fuller or Tom Regal are actual individuals. As a result, there is complete diversity between the Plaintiffs and all of the Defendants and this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

**B. Waiver of Right to Remove**

In addition to claiming this Court lacks subject matter jurisdiction over the case, Plaintiffs argue that Defendants have waived their right to remove this case by participating in the merits of the case filed in Coal County. Simply put, Plaintiffs' waiver argument comes too late. Plaintiffs' waiver argument is based on an alleged procedural defect in Defendants' removal of this case. Section 1447(c) of Title 28 of the United States Code requires that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." This action was removed to this Court on October 8, 2008, and Plaintiff's did not file their "Motion to Remand" until November 24, 2008, approximately 47 days later. Therefore, based on the plain language of the 28 U.S.C. 1447(c) Plaintiffs waived their right to seek remand on procedural grounds by failing to challenge the alleged defect within thirty days of removal. *See, e.g.*, *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir.

7

1995) (holding that plaintiff waives defects in removal procedure unless raised in a motion within 30 days of removal).

## **CONCLUSION**

Because there is complete diversity among the parties in this action and because Plaintiffs waived their right to seek remand based on procedural grounds, Plaintiffs' Motion to Remand [Docket No. 28] is DENIED.

IT IS SO ORDERED this 9th day of March, 2009.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma